UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SYDNEY M. JACK,                          )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )          No. 4:16CV1531 HEA
                                         )
                                         )
NANCY A. BERRYHILL,                      )
Acting Commissioner of                   )
Social Security Administration,          )
                                         )
              Defendant.                 )

## <u>**OPINION, MEMORANDUM AND ORDER**</u>

This matter is before the Court on Plaintiff's request for judicial review

under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's

application for supplemental security income under Title XVI of the Social

Security Act (Act), 42 U.S.C. §§1381, *et seq*.  For the reasons set forth below, the

Court will reverse and remand the Commissioner's denial of Plaintiff's

applications.

### **Facts and Background**

On June 24, 2015, Administrative Law Judge Michael Lehr conducted a

video hearing at Kansas City, Missouri.  Plaintiff appeared in St. Louis and the

Vocational Expert, Jennifer Smidt, appeared by phone.  The claim was initially

filed on August 9, 2012, and was denied by the State agency on November 16,

2012.  On December 6, 2012, a request for hearing was held.  Hearings were subsequently held but not concluded as the ALJ who conducted the hearings retired before completing the case. A hearing was held on June 24, 2015.

Plaintiff was born on April 21, 1981, and was 33 years old at the time of the hearing.  Plaintiff has completed high school.  At the time of the most recent hearing Plaintiff was living with her mother.

Plaintiff has prior work experience as a cashier at a fast food restaurant, bagger at a grocery store, childcare in a daycare center, and as a dietary aide at a nursing home.  Plaintiff also has experience in a janitorial cleaning service.

The record reflects Plaintiff has complained of being unable to work at the same pace as others in her past employment.  She also testified that she has difficulty concentrating on more than one thing at a time.  Plaintiff also testified that she had back pain and her left hand goes numb which creates difficulty in carrying objects. The difficulty with her hand resulted from an injury sustained while working.  There was also testimony regarding the mental functioning of the Plaintiff and her intellectual abilities.

The ALJ also heard testimony that the Plaintiff has difficulty concentrating on things and intellectual ability issues. There was evidence that the more recent IQ score of Plaintiff was just above 70.  In addition, there was evidence that Plaintiff could count, write, read, care for herself and perform household tasks.

There was testimony from the Vocational Expert. The Vocational Expert testified that based on an individual of Plaintiff's age, education, vocational history, and RFC Plaintiff could perform work existing in significant numbers including the light and unskilled jobs of bakery-conveyor worker, children's attendant, stock checker/apparel, and usher.

The ALJ determined that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on August 5, 2016. The decision of the ALJ is now the final decision for review by this Court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts, the ALJ failed to properly consider Plaintiff's back impairment in assessing her limitations; the ALJ failed to properly consider Listing 12.05C; and the ALJ's failed to use a proper hypothetical question to the Vocational Expert.

## Standard for Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals

one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*...  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that

must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the Court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity from the application date of August 9, 2012. The ALJ found at Step Two

that Plaintiff had the severe impairments of obesity and learning disability with borderline intellectual functioning.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform light work, including the ability to lift and carry up to 20 pounds occasionally, and 10 pounds frequently, stand and/or walk for up to 6 hours in an 8 hour day, and sit for up to 6 hours in an 8 hour day. The claimant can never climb ropes, ladders or scaffolding, but can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She cannot have concentrated exposure to temperature extremes, vibration and work hazards. Claimant can frequently, but not constantly, use the dominant left upper extremity to grossly handle and fine finger. Due to her mental impairments, the claimant is limited to simple, unskilled work.

At Step Four it was the finding of the ALJ that Plaintiff had no past relevant work.

Step Five the ALJ concluded that Plaintiff was not under a disability.

**Judicial Review Standard**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the Court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a Court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

**Discussion**

**I. Did the ALJ Properly Consider the Non-Severe Back Impairment in Determining the Residual Functional Capacity?**

Plaintiff asserts the ALJ did not properly assess her RFC and disregarded the non-severe back impairment in that the ALJ did not include any corresponding limitations in the RFC. A complete review of the record and decision of the ALJ confirm that Plaintiff has not established an error in the ALJ's analysis that requires remand on this point. *See Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion."). "As long as substantial evidence in the record supports the Commissioner's decision, [the Court] we may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently." *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

A review of the record demonstrates the sufficiency and appropriateness of

the ALJ decision and his review and recitation of limitations that he noted.

Substantial evidence supports the ALJ's decision that Plaintiff simply did not meet

her burden to prove a disabling RFC. *See Hensley v. Colvin*, 829 F.3d 926, 932

(8th Cir. 2016) ("'[T]he burden of persuasion to prove disability and to

demonstrate RFC remains on the claimant, even when the burden of production

shifts to the Commissioner at step five [of the sequential evaluation process].'")

(quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)).

The ALJ considered Plaintiff's lack of treatment for this condition, the lack

of prescription pain medication, and normal objective medical findings including a

normal gait, full range of motion of the spine and all extremities except for a slight

restriction of lumbar flexion, and the abilities to squat, stand on her heels and toes,

and tandem walk. The ALJ also noted that Plaintiff reported she carried a 40-

pound bag of her belongings around all the time while she was homeless. The

consultative psychologist also noted that Plaintiff was carrying a large duffle bag

when he examined her on November 7, 2012. *See* 20 C.F.R. §§ 404.1529, 416.929

("In determining whether you are disabled, we consider all your symptoms,

including pain, and the extent to which your symptoms can reasonably be accepted

as consistent with the objective medical evidence and other evidence.").  In

limiting Plaintiff to a light range of work with additional postural and

environmental limitations, the ALJ adequately accounted for the supportable

degree of limitation due to Plaintiff's severe and non-severe medical impairments.

**II. Did the ALJ Properly Determine Plaintiff Did Not Meet Listing 12.05C?**

Plaintiff asserts that the ALJ erred in determining whether she met Listing

12.05C, pertaining to intellectual disability. "Intellectual disability refers to

significantly sub-average general intellectual functioning with deficits in adaptive

functioning initially manifested during the developmental period; i.e., the evidence

demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt.

404, subpt. P, app. 1 § 12.05. "[T]he requirements in th[is] introductory paragraph

are mandatory." *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006).

There were findings relating to adaptive functioning or deficits made by the

ALJ that the record does not seem so support. The ALJ found Plaintiff "worked in

the past on a part-time basis without much difficulty." But there is no evidence that

appears to support it. The record shows that Plaintiff had some limited earnings but

speaks not of the degree of difficulty related to the limited employment. There was

evidence in the record that Plaintiff in fact had difficulty in her limited mployment

and she testified that employers got angry with her because she could not keep

pace.

The ALJ found "the claimant testified that she is able to help around the

house doing some cooking and cleaning, take the trash out and can perform

personal care without difficulty.  Plaintiff actually testified that she could do chores in a limited and partial way.

In weighing and balancing the evidence the ALJ put little, if any, consideration,  in the homeless status of the Plaintiff who a short time prior to her hearing began living with her mother. As noted by Plaintiff an ALJ must "properly analyze the effects of a structured setting" and consider "the potentially mitigating effect of life in structured setting, whether an institution or home, upon ymptoms." *Nowling v. Colvin*, 813 F.3d 1110, 1121-22 (8th Cir. 2016).

The ALJ failed to analyze Plaintiff's *deficits* in adaptive functioning, and limited analysis to the psychiatric review technique's assessment of adaptive *skills*. Within the IQ listing analysis, the ALJ did not reach the step of making a finding regarding the sufficiency of Plaintiff's adaptive deficits.

After careful review, the Court finds the ALJ's decision is partially supported by the record and in part not supported by the record as it relates to the findings of Listing 12.05.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is reversed and remanded.

**IT IS FURTHER ORDERED** that this matter is remanded to the Commissioner for further consideration of the record.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 15th day of August, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE